**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **A.T., M.W., A.W., and S.W.**

**No. 21-0345** (Jackson County 20-JA-56, 20-JA-57, 20-JA-58, and 20-JA-59)

**MEMORANDUM DECISION**

Petitioner Father J.W. III, by counsel Mark Plants, appeals the Circuit Court of Jackson County's April 8, 2021, order terminating his parental rights to A.T., M.W., A.W., and S.W.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Patrick Morrisey and Mindy M. Parsley, filed a response in support of the circuit court's order. The guardian ad litem, Erica Lord, filed a response on behalf of the children also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in adjudicating him as an abusing parent and terminating his parental rights.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons,

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

[2]Petitioner's brief was filed in accordance with Rule 10(c)(10)(b) of the West Virginia Rules of Appellate Procedure, which provides that

[i]n extraordinary circumstances, if counsel is ethically compelled to disassociate from the contentions presented in the brief, counsel must preface the brief with a statement that the brief is filed pursuant to Rule 10(c)(10)(b). Counsel should not inject disclaimers or argue against the client's interests. If counsel is ethically compelled to disassociate from any assignments of error that the client wishes to raise on appeal, counsel must file a motion requesting leave for the client to file a pro se supplemental brief raising those assignments of error that the client wishes to raise but that counsel does not have a good faith belief are reasonable and warranted.

a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2020, the DHHR filed a child abuse and neglect petition against petitioner alleging that he exposed the children to domestic violence within the home; abused alcohol; inflicted emotional abuse upon the children; and failed to provide the children with proper food, clothing, shelter, and medical care.

After numerous continuances attributable to petitioner, the circuit court held an adjudicatory hearing in February of 2021. The DHHR presented the testimony of several witnesses, and the circuit court took judicial notice of the prior in camera testimony of the children A.W. and S.W. Petitioner testified on his own behalf. The circuit court found that petitioner exposed the children to domestic violence and emotional abuse, failed to provide for them, and that petitioner's alcohol abuse impaired his parenting skills to such a degree as to pose imminent risk to the health, safety, and welfare of the children. Accordingly, the circuit court adjudicated petitioner as an abusing parent.

The circuit court held a dispositional hearing in March of 2021. A Child Protective Services ("CPS") worker testified that the DHHR did not offer petitioner any services during the proceedings because he did "not see[] that he did anything wrong." The circuit court noted that this testimony was consistent with petitioner's testimony during the adjudicatory hearing in which he refused to acknowledge any faults or issues with his parenting. In fact, petitioner claimed that the witnesses testifying against him were lying and that his children were fabricating the allegations against him. B.B., who maintained custody of the children since their removal, testified that, when asked whether they desired to visit with petitioner, the children repeatedly and unequivocally said "no." The circuit court noted that B.B.'s testimony was supported by the in camera testimony provided by A.W. and S.W., in which the children expressed that they did not desire to have any contact with petitioner. Petitioner testified on his own behalf, maintaining that he was wrongly adjudicated and had done nothing wrong. Petitioner asserted that he was a good father but was simply a little "strict." Finally, petitioner reasserted his claim that the children were fabricating the allegations against him.

Ultimately, the circuit court found that there was no reasonable likelihood that the conditions of abuse and neglect could be corrected in the near future and that termination was necessary for the children's welfare. The circuit court noted that petitioner consistently refused to admit that he engaged in any conduct that could be interpreted as abuse or neglect and attempted to paint himself in a favorable light in spite of the contrary evidence. The circuit court found that petitioner was completely unwilling to acknowledge any fault on his part and put forth little to no effort to seek treatment for the conditions of abuse or neglect raised in the petition. Because petitioner failed to acknowledge any real faults in his behavior, the circuit court concluded that petitioner possessed an inadequate capacity to solve the problems of abuse and neglect.

Accordingly, the circuit court terminated petitioner's parental rights. Petitioner appeals the circuit court's April 8, 2021, dispositional order.[3]

The Court has previously established the following standard of review in cases such as this:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in adjudicating him as an abusing parent and terminating his parental rights. Petitioner contends that the DHHR failed to present clear and convincing evidence that he abused and neglected the children. According to petitioner, his testimony directly disputed the testimony of the DHHR's witnesses, and the circuit court inappropriately gave significant weight to the DHHR's witnesses. Petitioner states that he acknowledged his need for counseling and was strict with the children due to his status as a war veteran. Petitioner further argues that he acknowledged his failure as a parent and was willing to accept services, make improvements, and attend counseling.

We find petitioner's arguments to be without merit. We have previously held that,

[a]t the conclusion of the adjudicatory hearing, the court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected . . . . The findings must be based upon conditions existing at the time of the filing of the petition and proven by clear and convincing evidence.

*In re F.S.*, 233 W. Va. 538, 544, 759 S.E.2d 769, 775 (2014). Further, we have explained that "'clear and convincing' is the measure or degree of proof that will produce in the mind of the factfinder a firm belief or conviction as to the allegations sought to be established." *Id.* at 546, 759

---

[3]The mother of A.W. and S.W. voluntarily relinquished her parental rights during the proceedings below. A.T.'s mother's parental rights were previously terminated in 2017. The children were placed with a relative, and the permanency plan is adoption with that relative. M.W.'s mother was deemed a nonabusing parent, and the permanency plan for M.W. is to remain in her mother's care.

S.E.2d at 777 (citation omitted). However, "the clear and convincing standard is 'intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases.'" *Id.* (citation omitted). Additionally, pursuant to West Virginia Code § 49-1-201, a "neglected child" is a child whose

> physical or mental health is harmed or threatened by a present refusal, failure or inability of the child's parent, guardian, or custodian to supply the child with necessary food, clothing, shelter, supervision, medical care, or education, when that refusal, failure, or inability is not due primarily to a lack of financial means on the part of the parent, guardian, or custodian.

After hearing the testimony of several witnesses, including two of petitioner's four children, the circuit court determined that petitioner exposed the children to domestic violence, failed to provide for them, and abused alcohol to such a degree that it impaired his parenting skills and posed a risk to the health, safety, and welfare of the children. While petitioner contends that his testimony directly contradicted the testimony of the DHHR's witnesses and was more credible, we note that the circuit court heard the evidence and was best able to assess its credibility. On appeal, we decline to disturb the court's credibility determination with regard to this testimony. *See Michael D.C. v. Wanda L.C.*, 201 W. Va. 381, 388, 497 S.E.2d 531, 538 (1997) ("A reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations."). As such, petitioner fails to demonstrate that the circuit court's findings are erroneous, and, therefore, we find no error in the circuit court's adjudication of petitioner as an abusing parent.

We likewise find no error in the circuit court's termination of petitioner's parental rights. West Virginia Code § 49-4-604(c)(6) provides that circuit courts are to terminate parental, custodial, and guardianship rights upon finding that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the children's welfare. West Virginia Code § 49-4-604(d) provides that a circuit court may find that there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected when the abusing parent has "demonstrated an inadequate capacity to solve the problems of abuse or neglect on [his or her] own or with help."

The record establishes that petitioner demonstrated an inadequate capacity to solve the problems of abuse or neglect on his own or with help. Specifically, petitioner failed to acknowledge the conditions of abuse and neglect. The circuit court found that petitioner consistently maintained that he did not engage in any conduct constituting abuse and neglect and attempted to paint himself in a favorable light throughout the proceedings. Further, petitioner accused the children of fabricating the allegations against him and accused the DHHR's witnesses of lying, demonstrating that he was completely unwilling to acknowledge any fault. Petitioner put forth little to no effort to address his behavior during the proceedings given his adamant refusal to acknowledge that he had done anything wrong. We have previously explained that

> [i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth

4

of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable.

*In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) (citation omitted). Given petitioner's failure to acknowledge the truth of the allegations pertaining to his abuse and neglect of the children, the conditions of abuse and neglect were untreatable, and the circuit court properly found that petitioner demonstrated an inadequate capacity to solve the conditions of abuse and neglect on his own or with help. Further, this Court has held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(d)] that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). The evidence set forth above demonstrates that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future and that termination of his parental rights was necessary for the children's welfare. Consequently, we find no error in the circuit court's decision to terminate petitioner's rights to the children.

For the foregoing reasons, we find no error in the decision of the circuit court, and its April 8, 2021, order is hereby affirmed.

Affirmed.

**ISSUED**: January 12, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice William R. Wooton